IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00414-RPM-KLM

REBECCA DAVIS,

      Plaintiff,

v.

LAW OFFICE OF D. SCOTT CARRUTHERS,

      Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Summary Judgment as to Plaintiff's Claims Under Sections 1692e, 1692e(5), and 1692e(10)** [Docket No. 37; Filed June 30, 2011] (the "Motion").  Defendant has not responded.[1]  Pursuant to 28 U.S.C. § 636 (b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion has been referred to this Court for a recommendation regarding disposition.  The Court has reviewed the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#37] be **DENIED**.

### I.  Summary of the Case

_____

[1]The deadline for Defendant to respond to the Motion was July 25, 2011.  Defendant did not respond by that date.  The Court then issued an Order to Show Cause, requiring Defendant to respond by August 19, 2011 [Docket No. 41].  Defendant has, without any reasonable excuse, ignored the Court's Order.  It has not provided any justification for failing to respond to the pending Motion for Summary Judgment and has not contacted the Court in any manner since June 10, 2011 [Docket No. 36].

The following facts appear to be undisputed.[2]  Plaintiff is an alleged debtor regarding a checking account at U.S. Bank that was allegedly overdrawn.  *See Defendant's April 6, 2009 letter* [Docket No. 37-1].   The debt was apparently assigned to Regent Asset Management Solutions ("Regent").  *See id.*  Defendant, a multi-attorney law firm located in the State of California, represented Regent in its attempt to collect the debt owed by Plaintiff.  *See id.*

In April 2009, Plaintiff received a letter from Defendant[3] which contained an offer to accept partial payment of Plaintiff's debt to expedite settlement of the account.  *See id.*  The letter then stated:

> If you have not contacted Regent to discuss this settlement offer within 14 days, I will begin preparing your case for a lawsuit to be filed in El Paso County by investigating your employment, assets and banking information. If it is necessary to have a court enforce this contract, court costs and attorney fees will be added to the amount you owe and the settlement offer will be revoked.

*Id.*  When later asked whether Defendant intended to take legal action against Plaintiff at the time the letter was sent, Defendant's representative D. Scott Carruthers ("Mr. Carruthers") responded, "As the attorney, I did not make that decision."  *See Defendant's Responses to Rule 33 Interrogatories* [Docket No. 37-2] at 7.

Based solely on the collection letter cited above, Plaintiff claims that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  *See*

---

[2] As Defendant has neither directly responded to the Motion nor submitted any competent summary judgment evidence, the following recitation of facts are deemed undisputed for the purpose of resolving this Motion.  *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

[3] The letter was written on Defendant's letterhead and signed by an employee of Defendant. *See Defendant's April 6, 2009 letter* [Docket No. 37-1].

*Motion* [#37] at 1.   Specifically, Plaintiff's Complaint avers that Defendant violated: (1) "§ 1692d of the FDCPA by engaging in conduct . . . the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;" (2) "§ 1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;" (3) "§ 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt;" (4) "§ 1692e(5) of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action;" and (5) "§ 1692e(10) of the FDCPA using false and deceptive means in an attempt to collect a debt."   *See Complaint* [Docket No. 1] at 3.   In this Motion, Plaintiff moves for summary judgment regarding the latter three alleged violations of the FDCPA.   *See Motion* [#37] at 2.   She asserts that the undisputed facts are sufficient to establish that she is entitled to summary judgment in her favor.

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary.   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party.   *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law.   *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of its claim such that a reasonable jury could find in its favor.  *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of its pleadings and provide admissible evidence, which the Court views in the light most favorable to it.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).  Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).  The nonmoving party's evidence must be more than "mere reargument of [its] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

### III.  Analysis

Plaintiff moves for summary judgment pursuant to 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10). *See Motion* [#37] at 1. Section 1692e generally prohibits the use by a debt collector of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(5) more specifically prohibits a "threat to take any action that cannot legally be taken or that is not intended to be taken." Section 1692e(10) further prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

The standard for determining whether a debt collection practice violates the FDCPA is objectively based on whether the "least sophisticated consumer" would find the practice deceptive or misleading. *See Ferree v. Marianos*, 1997 WL 687693, No. 97-6061, at *1 (10th Cir. Nov. 3, 1997) (unpublished) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) ("[T]he test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives.")). The least sophisticated consumer may, however, "be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Ferree*, 1997 WL 687693, at *1 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

Plaintiff contends that the undisputed facts demonstrate a violation of Section 1692e(5) because Defendant threatened to file a lawsuit when it could not legally do so. *Motion* [#37] at 3. Plaintiff avers that Mr. Carruthers, the named principal of Defendant, was not licensed to practice law in Colorado when the collection letter was sent, and, therefore, he could not have brought suit against Plaintiff in Colorado. *Id.* In support, Plaintiff submits search results for the name "Carruthers" from the Colorado Bar Association's lawyer

directory. *See Colorado Bar Association lawyer directory search results* [Docket No. 37-3].

The search yielded no attorneys licensed to practice law in Colorado under the name

"Carruthers." *See id.* Thus, Plaintiff concludes, because Mr. Carruthers was not licensed

to practice law in Colorado, Defendant could not bring suit against Plaintiff, and the letter

therefore threatened an action that could not legally be taken, a violation of Section

1692e(5). *Motion* [#37] at 3-4.

In support of her argument, Plaintiff cites to *Rosa v. Gaynor*, 784 F. Supp. 1 (D.

Conn. 1989). Therein, the defendant attorney, a solo practitioner in Ohio, sent to the plaintiff

debtor, who was located in Connecticut, a letter that stated, in part:

> Unless you dispute the validity of any portion of this claim within 30 days after
> receipt of this notice, we will assume it to be valid. If you notify us within that
> time, we will secure evidence of the debt, and mail it to you. We will also
> furnish you with the creditor's address.
>
> Otherwise, we may be forced to proceed with a lawsuit. After judgment, any
> remedy may be filed against you that is available to attorneys in your area.
> This may include garnishment, levy on real or personal property, or calling you
> into court for a debtor's examination. This is your final letter.

*Id.* at 2. The court found it significant that the letter failed to disclose that the defendant

attorney was not admitted to practice law in Connecticut and that the phrase "we may be

forced to proceed with a lawsuit" could create the impression that the attorney would

immediately proceed to file suit against the debtor in Connecticut. *Id.* at 3. The court

concluded that an unsophisticated debtor could interpret the language to mean that suit was

imminent, even though the lawyer sending the letter could not immediately take action. *See*

*id.*

The instant case is distinguishable from *Rosa*. Here, Plaintiff has provided evidence

that the principal attorney of Defendant, Mr. Carruthers, was not licensed to practice law in

Colorado at the time the collection letter was sent.  *See Colorado Bar Association lawyer directory search results* [Docket No. 37-3].  However, based on the heading in the collection letter, there is evidence to support that Defendant is a multi-attorney law firm.  *See Defendant's April 6, 2009 letter* [Docket No. 37-1].  Plaintiff has not provided any evidence that no attorney at that firm was licensed to practice in the State of Colorado; hence, a genuine issue of material face exists regarding this issue.  Without this prerequisite, Plaintiff has not carried her burden on her claim that Defendant could not practice law in Colorado and, therefore, threatened an action that it could not legally take.

Plaintiff further contends that the undisputed facts demonstrate a violation of Section 1692e(5) because Defendant never intended to file a lawsuit against Plaintiff.  *Motion* [#37] at 3.  Plaintiff avers that Defendant never made the decision to commence legal action against Plaintiff, and, therefore, it never intended to bring suit against Plaintiff in Colorado. *Id.*  In support, Plaintiff submits Defendant's answers to two interrogatories.  *See Defendant's Responses to Rule 33 Interrogatories* [Docket No. 37-2] at 7.  The first interrogatory inquired whether Defendant intended to take legal action at the time the collection letter was sent.  *See id.*  As Defendant's representative, Mr. Carruthers responded, "As the attorney, I did not make that decision."  *Id.*  The second interrogatory inquired whether Defendant had taken any legal action against Plaintiff based on the alleged debt listed in the collection letter.  *See id.*  Mr. Carruthers again responded, "As the attorney, I did not make that decision."  *Id.*  Plaintiff concludes that these responses show that Defendant neither intended to nor ever did commence legal action against Plaintiff in connection with the debt listed in the collection letter, and thus that Defendant threatened to take an action against Plaintiff that it never intended to do, a violation of Section 1692e(5).

-7-

*Motion* [#37] at 3-4.

A genuine issue of material fact exists regarding whether Defendant intended to file a lawsuit against Plaintiff at the time the collection letter was sent.  Plaintiff avers that Defendant admitted in an interrogatory response that the firm never intended to take legal action at the time it sent the letter.  *See Motion* [#37] at 4.  However, Defendant's response to the interrogatory does not directly answer the question asked.  The interrogatory inquires whether Defendant intended to take legal action at the time the letter was sent; instead of responding with respect to Defendant's intent, the answer was merely, "As the attorney, I did not make that decision."  *See Defendant's Responses to Rule 33 Interrogatories* [Docket No. 37-2] at 7.  In other words, the answer regarding "who made the decision" does not admit or deny intent to file a lawsuit.  This interrogatory response does not support Plaintiff's position.

The same is true of the other interrogatory response to which Plaintiff points.  The interrogatory asks whether Defendant took any legal action against Plaintiff on the debt that Plaintiff allegedly owed.  *See id.*  However, again, Defendant's response to the interrogatory does not directly answer the question asked.  Instead of responding with respect to whether legal action was ever initiated, the answer by Mr. Carruthers was again, "As the attorney, I did not make that decision."  *Id.*  In other words, the answer regarding "who made the decision" whether to pursue a legal remedy does not admit or deny whether a legal remedy was ever initiated.  This interrogatory response does not support Plaintiff's position.

There is also no evidence on another crucial point underlying Plaintiff's case.  The collection letter clearly asked Plaintiff to contact the collection agency to discuss the offer within fourteen days.  *See Defendant's April 6, 2009 letter* [Docket No. 37-1].  It further

provided that Defendant would begin preparing for a lawsuit only if Plaintiff did not contact Regent. *See id.* Here, Plaintiff has provided no evidence with respect to whether she ever contacted the collection agency to discuss the settlement offer. If Plaintiff made contact, then, according to the terms of letter, Defendant would have had no need to initiate a lawsuit at that time. *See id.* Without this evidence, Plaintiff's assertion that Defendant never intended to pursue legal remedies because it never filed a lawsuit cannot be supported.

"[T]he threat to file suit, an authorized method of collecting a debt, is not generally a threat 'to take any action that cannot legally be taken' in violation of § 1692e(5)." *Hollis v. Stephen Bruce & Assocs.*, No. CIV-07-131-C, 2007 WL 4287623, at *2 (W.D. Okla. Dec. 5, 2007) (quoting 15 U.S.C. § 1692e(5)). In sum, Plaintiff has not provided undisputed evidence that Defendant threatened to take an action that it could not legally take or that it did not intend to take, in violation of Section 1692e(5). Accordingly, genuine issues of material fact remain, and Plaintiff's claim under Section 1692e(5) fails.

The collection letter sent by Defendant does not support a plausible claim for relief pursuant to Section 1692e or Section 1692e(10) either. The letter offered a reduced payment to fully satisfy an alleged debt. *See Defendant's April 6, 2009 letter* [Docket No. 37-1]. The letter also asked Plaintiff to contact the creditor to discuss the offer within two weeks and, if this was not done, Defendant would begin preparing the matter for a lawsuit. *Id.* The letter contained no falsehood or deception aside from Plaintiff's allegation that Defendant never intended to file a lawsuit. Without more, this cannot be the basis for a claim that Defendant acted in violation of Section 1692e or Section 1692e(10) by using false, deceptive, or misleading representations to collect a debt. *See Hollis*, 2007 WL 4287623, at *2 (finding the same on similar facts). Accordingly, Plaintiff's claims under

Section 1692e and 1692e(10) fail.

To succeed on a motion for summary judgment, a plaintiff must put forth sufficient evidence for each essential element of her claim such that a reasonable jury could find in her favor. *See Anderson*, 277 U.S. at 248; *Simms*, 165 F.3d at 1326. Based on the competent, undisputed evidence provided by Plaintiff, the Court finds that Plaintiff has not carried her burden on her claims pursuant to Section 1692e, Section 1692e(5), or Section 1692e(10) of the FDCPA. Accordingly, the Court recommends that Plaintiff's motion for summary judgment be denied.

## IV.  Conclusion

For the foregoing reasons, I respectfully **RECOMMEND** that the **Motion  for Summary Judgment** [#37] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  September 9, 2011

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge