IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00414-RPM-KLM

REBECCA DAVIS,

    Plaintiff,

v.

LAW OFFICE OF D. SCOTT CARRUTHERS,

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Default Judgment** [Docket No. 55; Filed December 2, 2011] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion is referred to this Court for recommendation [#56]. Plaintiff seeks entry of default judgment against Defendant Law Office of D. Scott Carruthers. Pursuant to Fed. R. Civ. P. 55(a) and on instruction by the Court, the Clerk of Court entered default against Defendant on November 7, 2011 [#51], on the grounds that Defendant has "failed to . . . otherwise defend" this lawsuit. *See Ord.*, [#50]. Defendant has not responded to the present Motion and has not contacted the Court since June 10, 2011. *Id.* For the reasons set forth below, the Court recommends that the Motion be **GRANTED**.

## I. BACKGROUND

**A.     Procedural History**

Plaintiff initiated this lawsuit on February 24, 2010, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). *Compl.*, [#1]. Defendant filed an Answer to Plaintiff's Complaint on September 20, 2010. [#24]. On June 30, 2011, Plaintiff filed a Motion for Summary Judgment. [#37]. Defendant failed to file a response in opposition to the Motion for Summary Judgment, thus the Court issued an Order to Show Cause requiring Defendant to file a response or "a written notice showing good cause for the failure to timely file a response . . . ." [#41]. Defendant failed to respond to the Order to Show Cause or to the Motion for Summary Judgment. The Court then issued a Recommendation on the merits of the Motion for Summary Judgment, recommending that it be denied on the basis of outstanding issues of material fact. [#42]. The District Judge accepted the Recommendation on October 3, 2011. [#43].

A Final Pretrial Conference was scheduled for October 11, 2011, and a joint proposed Final Pretrial Order was due to the Court by October 6, 2011. *See Sched. Ord.*, [#32] at 7. On October 6, 2011, Plaintiff filed a Motion to Continue the Pretrial Conference, based on Defendant's alleged unresponsiveness to Plaintiff's attempt to draft the joint proposed Final Pretrial Order. [#44]. The Court reset the Final Pretrial Conference for November 7, 2011, and ordered the parties to submit their proposed Final Pretrial Order no later than November 2, 2011. [#46]. The Court warned that Defendant's failure to obtain counsel, as well as any failure to follow the instructions in the November 2, 2011 Minute Order regarding the proposed Final Pretrial Order, would "result in a recommendation for entry of default against Defendant." *Id.* Counsel did not enter an

appearance on behalf of Defendant, and Plaintiff attested that Defendant remained unresponsive to drafting a proposed Final Pretrial Order. *See* [#47]. Thus, the Court ordered entry of default against Defendant on November 3, 2011. [#50]. Plaintiff filed the Motion at issue on December 2, 2011. [#55].

After review of the Motion, the Court determined that Plaintiff failed to provide adequate information required for the computation of damages pursuant to the FDCPA. *See* [#60] (identifying evidence regarding "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional"). The Court directed Plaintiff to file a supplement to her Motion including such evidence. *Id.* Plaintiff timely filed a Supplement on March 22, 2012. [#61].

**B.    Factual Allegations**

Plaintiff allegedly overdrew a checking account at U.S. Bank.[1]  *See Compl.* [#1] at 7 (letter dated April 6, 2009). The debt incurred by the allegedly overdrawn checking account was assigned to Regent Asset Management Solutions ("Regent") for collection purposes. *See id.* Defendant, a multi-attorney law firm located in the State of California, represented Regent in its attempt to collect the debt owed by Plaintiff. *See id.*

---

[1] As further explained below, in making a recommendation on a motion for default judgment, the Court accepts the well-pled (as opposed to merely conclusory) allegations of Plaintiff's Complaint as true. *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (unpublished decision) (citation omitted).

3

In April 2009, Plaintiff received a letter from Defendant which contained an offer to accept partial payment of Plaintiff's debt to expedite settlement of the account.[2]  *See id.* The letter stated:

> If you have not contacted Regent to discuss this settlement offer within 14 days, I will begin preparing your case for a lawsuit to be filed in El Paso County by investigating your employment, assets and banking information. If it is necessary to have a court enforce this contract, court costs and attorney fees will be added to the amount you owe and the settlement offer will be revoked.

*Id.*

Based on the collection letter cited above, and the allegation that Defendant "constantly and continuously places collection calls to Plaintiff," Plaintiff claims that Defendant violated the FDCPA.  *See* [#1] at 2-3.  More specifically, Plaintiff avers that Defendant violated: (1) "§ 1692d of the FDCPA by engaging in conduct . . . the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt"; (2) "§ 1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff"; (3) "§ 1692e of the FDCPA by using false, deceptive, and misleading representations in connection with the collection of any debt"; (4) "§ 1692e(5) of the FDCPA by threatening to take legal action against Plaintiff even though Defendant has not and does not intend to take such action"; and (5) "§ 1692e(10) of the FDCPA by using false and deceptive means in an attempt to collect a debt."  *See id.*

---

[2] The letter was written on Defendant's letterhead and signed by a presumed employee of Defendant.  *See* [#1] at 7 (letter).

## II. ANALYSIS

Pursuant to Fed. R. Civ. 55, default may enter against a party who fails to appear or otherwise defend the case brought against it. Here, the entry of default was proper for the reasons stated in the Order issued November 3, 2011. [#50]. However, even after a proper entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445-LTB-MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (unpublished decision) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)).

**A.     Jurisdiction**

In determining whether the entry of default judgment is warranted here, the Court must first consider whether it may exercise subject matter and personal jurisdiction over the parties and the dispute. *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). The Court must do so in consideration of the well-established law that "a judgment is void if the court that enters it lacks jurisdiction over either the subject matter of the action or the parties to the action." *Williams*, 802 F.2d at 1203.

**1.     Subject Matter Jurisdiction**

Plaintiff asserts that the Court has subject matter jurisdiction over this lawsuit based on federal question jurisdiction. *See* [#1-1] at 1. Federal question jurisdiction is governed

by 28 U.S.C. § 1331, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Plaintiff's cause of action arises under 15 U.S.C. § 1692k(d) of the FDCPA, which is a federal statute.  [#1] at 1-2.  Pursuant to § 1692k(d), a plaintiff may pursue a civil cause of action "in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs."

Plaintiff filed this action on February 24, 2010, which is less than one year after her receipt of the April 6, 2009 letter.  *See* [#1] at 7.  The action is therefore timely, and as Plaintiff brings the lawsuit pursuant to the FDCPA, the action arises pursuant to a federal statute.  Accordingly, the Court recommends finding that subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 is appropriate.

### 2.     Personal Jurisdiction

Plaintiff bears the burden of establishing personal jurisdiction.  *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials."  *Dennis Garberg & Assoc., Inc.*, 115 F.3d at 773.  As further explained below, in making a determination on a motion for default judgment, the Court accepts the well-pled allegations of Plaintiff's Complaint as true.  This deferential pleading standard does not extend to statements of legal conclusion couched as fact.  *Cf. Miller v. Kelly*, No. 10-cv-02132-CMA-KLM, 2010 WL 4684029, at *4 (D. Colo. Nov. 12, 2010) (citations omitted) ("While the Court accepts Plaintiff's well-pled allegations as true for the purpose of establishing personal jurisdiction over Defendant . . . It accords no deference to Plaintiff's conclusory and wholly

6

unsupported allegations.").

The Court must first address the adequacy of service in making its determination as to whether it has personal jurisdiction over Defendant. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). Defendant is not identified as a particular kind of business entity in Plaintiff's Complaint (*e.g.*, a corporation or LLC). *See* [#1]. However, based on Plaintiff's contention that the Defendant is "a collection agency with a business office in Stanton, Orange County, California," it is clear that Defendant is some form of business entity and not an individual. *Id.* at 2. Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(h), which establishes the requirements for service of a corporation, partnership, or association.

Rule 4(h) provides that service on a corporation, partnership, or association is adequate if effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h)(1)(B). On April 23, 2010 Plaintiff filed a return of service demonstrating that a private process server personally delivered the summons to an officer of the Defendant. *See Return of Service*, [#4]. Defendant filed its Answer without contesting service and did not raise the issue by motion. [#24].

"Where a court possesses subject matter jurisdiction, . . . the parties may waive lack of personal jurisdiction." *Gardner v. City & Cnty. of Denver*, 671 F. Supp. 713, 714 (D. Colo. 1987) (citation omitted). Pursuant to Fed. R. Civ. P. 12(h)(1), a party may waive a defense premised on lack of personal jurisdiction by "failing to either: (i) make it by motion

under this rule; or (ii) include it in a responsive pleading . . . ."

In the Complaint, Plaintiff's only assertion in support of an exercise of personal jurisdiction over Defendant is that Defendant conducts business in California.[3]  [#1] at 2. However, Defendant did not raise personal jurisdiction as a defense in its Answer, nor did it raise the issue by a motion pursuant to Fed. R. Civ. P. 12.  Thus, Defendant has waived the defense.  *See* [#24].  *See also Fox v. Cali. Franchise Tax Bd.*, No. 08-cv-01047-PAB-BNB, 2009 WL 3162519, at *7 (D. Colo. Sept. 30, 2009) ("objections to personal jurisdiction must be asserted in the defendant's pre-answer motion or the defense is waived") (citing Fed. R. Civ. P. 12(h))).  Accordingly, the Court recommends finding that exercise of personal jurisdiction over Defendant is appropriate.

**B.   Default Judgment**

As indicated above, the propriety of the entry of default is confirmed for the reasons stated in the Order issued November 3, 2011.  [#50].  The Court must now decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment."  *Greenwich Ins. Co.*, 2008 WL 793606 at *1 (citations omitted).  "'[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.  The default judgment remedy serves as such a protection.'"  *In re Rains*, 946 F.2d 731, 733-34 (10th Cir. 1991) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

---

[3] Plaintiff indicates that she resides in Colorado.  [#1] at 2.

"[A] party is not entitled to a default judgment as of right; rather the entry of default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co.*, 2008 WL 793606 at *2 (quoting *Cablevisions of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). Where the complaint states an adequate legal basis for relief against a party in default, default judgment is appropriate. *Id.* (citing *Weft, Inc. v. G.C. Inv. Assocs.*, 430 F. Supp. 1138, 1143 (E.D.N.C. 1986)).

Upon review of a motion for default judgment, assuming default was properly entered, the moving party enjoys the benefit of deferential pleading interpretation. The Court deems the well-pled facts (as opposed to merely conclusory statements) of the Complaint in this matter to be true. *Id.* at *1 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits. *Id.* When assessing damages, however, the Court must establish the amount that the moving party is entitled to recover. *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). Whether to conduct a hearing for the purpose of ascertaining damages is discretionary; the Court need not conduct a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Held v. Shelter Sys. Group Corp.*, No. 93-1225, 1994 WL 47157, at *1 (10th Cir. 1994) (unpublished) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)).

### 1. Plaintiff's FDCPA Claims

All of Plaintiff's claims against Defendant in this case arise pursuant to the FDCPA. *See* [#1]. The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt

collection abuses." 15 U.S.C. § 1692(e). Specifically, Plaintiff alleges that Defendant's debt collection practices violated FDCPA Sections 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10). [#1] at 3.

Section 1692d prohibits debt collectors from utilizing collection practices of which "the natural consequence . . . is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d(5) specifies that "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number" constitutes a *per se* violation of section 1692d. *Id.* at § 1692d(5).

Because the Court deems the well-pleaded facts of the Complaint to be true, the Court finds that Plaintiff has established Defendant's violation of Sections 1692d and 1692d(5). Plaintiff's Complaint alleges that "Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment from Plaintiff for an alleged debt." [#1] at 3; *see also* [#61] at 5-6. This constitutes an illegal action under section 1692d(5) because it has a tendency to "[cause] a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Accordingly, default judgment should be entered against Defendant on Plaintiff's assertion of Defendant's violation of Sections 1692d and 1692d(5).

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.A. § 1692e. Moreover, Sections 1692e(5) and 1692e(10) provide that specific actions constitute *per se* violations of section 1692e, including "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" and "[t]he use of any false

representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Plaintiff's allegations relating to these provisions stem from the April 6, 2009 letter. *See* [#1] at 3; [#61] at 3-5. It is Plaintiff's contention that "Defendant threatened to take legal action against Plaintiff even though Defendant has not and does not intend to take such action." *Id.* at 3. In support of these allegations, Plaintiff presented evidence in her Supplement that no attorney in Defendant's office is licensed to practice law in Colorado. [#61-5] (internet search dated March 22, 2012); [#61-6] (same). Further, Plaintiff did not do what the April 6, 2009 letter instructed her to do, namely, contact Defendant to discuss settlement, and no legal action was taken against her. [#61] at 4 (citations omitted). Plaintiff avers that the lack of legal action demonstrates that Defendant had no intention of taking such action. *Id.* Accepting the well-pled allegations in the Complaint as true, and in light of the evidence propounded by Plaintiff in the Supplement, *see* [#61], the Court recommends the entry of default judgment against Defendant on Plaintiff's assertion of Defendant's violation of Sections 1692e, 1692e(5), and 1692e(10).

**2. Damages**

In addition to finding that Plaintiff has a legal basis for relief, default judgment cannot be entered until the amount of damages has been ascertained. *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984). A default judgment for money damages must be supported by proof. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949). This requirement ensures that a plaintiff is not awarded more in damages than can be supported by actual evidence. *See id.*

Pursuant to Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Further, "[a]though upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered ordinarily are not." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In her Complaint, Plaintiff requests: 1) a declaratory judgment "that Defendant's conduct violated" the FDCPA; 2) statutory damages pursuant to the FDCPA in the amount of $1,000; 3) actual damages; and 4) costs and reasonable attorneys' fees. [#1] at 3-4. The Court addresses each in turn.

Regarding Plaintiff's request for declaratory judgment, as stated above, the Court recommends finding that Defendant violated the provisions of the FDCPA raised in Plaintiff's Complaint, thus the Court recommends entry of a declaratory judgment to that effect.

Regarding statutory damages, the FDCPA sets a statutory maximum amount of damages at $1,000 per proceeding. 15 U.S.C.A. § 1692k(a)(2)(A); *see also Wright v. Financial Services of Norwalk*, 22 F.3d 647, 650-52 (6th Cir. 1994); *Harper v. Better Business Services Inc.*, 961 F.2d 1562, 1563 (11th Cir. 1992). Thus, regardless of whether Plaintiff establishes a single violation or several violations of the FDCPA, the amount of statutory damages remains the same. *See Harper*, 961 F.2d at 1563. "All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." *Savino v. Computer Credit Inc.*, 164 F.3d 81, 86 (2nd Cir. 1998) (citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997)). Thus, a determination that Defendant has

committed one violation of the FDCPA is sufficient for the Court to find in favor of Plaintiff as to statutory damages. *Santacruz v. Stanley & Assoc., LLC*, 10-cv-00623-CMA-CBS, 2011 WL 1043338, at *7 (D. Colo. Mar. 17, 2011). Pursuant to 15 U.S.C. § 1692k(b)(1), in determining the amount of statutory damages in an FDCPA action, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1609 (2010) (the court "must" consider the provisions of Section 1692k(b) in awarding statutory "additional damages"); *Jackson v. Diversified Collection Servs., Inc.*, No. 09-cv-00680-WDM-BNB, 2010 WL 1931013 (D. Colo. May 13, 2010) (evaluating a request for increased statutory damages pursuant to Section 1692k(b)(1)). As stated herein, the Court finds that Defendant violated the FDCPA as to each of the sections invoked by Plaintiff. In light of the evidence presented in Plaintiff's Supplement, *see* [#61], the Court recommends finding that the frequency, persistence, nature, and intentionality of Defendant's noncompliance with the FDCPA dictates entry of $1,000 in statutory damages against Defendant.[4]

---

[4] In her Complaint, Plaintiff makes the general allegation that "Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment from Plaintiff." [#1] at 2. In support of this contention, Plaintiff's affidavit states that "[she] received calls from Defendant nearly every day during [January and February of 2010], and at least half the time [she] received multiple calls per day . . . close to 60 phone calls from Defendant in total." [#61-1] at 1 (Plaintiff's Aff.). However, Plaintiff altered this statement in a hand-written notation at the end of the affidavit, which avers, "I would say most days, but more like 2x [sic] per week would be a better estimate." *Id.* at 2. Despite this correction, Plaintiff's counsel cites to the affidavit for the suggestion that Plaintiff received nearly "100 calls from Defendant in total", and that Defendant called almost every day and multiples times a day "at least half the time." [#61] at 5-6. Regardless of these inconsistencies, the Court believes that Defendant calling twice per week demonstrates persistent and intentional conduct, particularly in light of Plaintiff's statement that Defendant's calls occurred "at all hours of the day and night," even after she "directed [Defendant] to stop calling." [#61-1] at 2.

Regarding actual damages, Plaintiff requested an unspecified amount in her Complaint. [#1] at 4. The FDCPA allows the recovery of actual damages incurred as a result of personal humiliation, embarrassment, mental anguish, or emotional distress arising from the violation. *Santacruz*, 2011 WL 1043338, at *6. However, Plaintiff did not reiterate this request in the Motion or Supplement, and she has not provided the Court with proof to substantiate her claim for actual damages. *See* [#55] at 2-3; *see* [#61]. Therefore, the Court recommends that Plaintiff's request for actual damages be rejected.

### 3. Costs and Attorneys' Fees

The FDCPA prescribes that a successful party is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). To determine a reasonable fee award, the Court must conduct a lodestar calculation as set forth in *Hensley v. Eckerhart*, 641 U.S. 424, 433 (1983). *Anchondo v. Anderson, Crenshaw & Assocs.*, LLC, 616 F.3d 1098, 1102 (10th Cir. 2002). A lodestar calculation requires multiplying the number of attorney hours expended to resolve an issue or perform a task by a reasonable hourly billing rate. *Hensley*, 641 U.S. at 433. To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) (internal quotation marks omitted); *id.* at 1251 ("The district court is not bound by the opinions of the parties regarding the reasonableness of the time they spent on the litigation."). Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

"Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) "the potential duplication of services" caused by the presence of multiple attorneys when one would suffice. *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250 ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Here, Plaintiff requests an award of $13,814.50 in attorneys' fees and $350.00 in costs. [#55] at 12. Review of the billing records demonstrates to the Court that the hours billed and the hourly rate charged are reasonable. *See* [#55-1]. Therefore, the Court recommends awarding the total amount of Plaintiff's requested fees and costs.

### III. RECOMMENDATION

Accordingly, the Court respectfully **RECOMMENDS** that Plaintiff's Motion be **GRANTED**, and that default judgment in the total amount of $15,164.50 be entered against Defendant.

Pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain

15

reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. CDOC*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: April 26, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge